**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JUANITA RIVERA,<br>DR. CRUCIE MORALES,<br><br>**Plaintiffs,**<br><br>**v.**<br><br>LIFELINK FOUNDATION, INC.,<br><br>**Defendant.** | **Civil No.** 15-2729 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge

Before the Court is defendant LifeLink Foundation, Inc.'s ("LifeLink") motion to dismiss the complaint against it pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)").[1] (Docket No. 4.) Having considered that motion, plaintiffs' multiple oppositions, (Docket Nos. 10 & 17), and defendant's reply and sur-reply, (Docket Nos. 15 & 24), the Court **GRANTS** LifeLink's motion to dismiss.

## I. BACKGROUND

On November 4, 2015, plaintiffs Juanita Rivera and Crucie Morales filed a complaint against LifeLink based on the handling of their loved one's body following his death at the Veteran's Administration Hospital in San Juan. (Docket No. 1.)

---

[1] LifeLink's motion also sought dismissal of the complaint for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). That issue of improper service, however, has been resolved, see Dockets Nos. 5-8, and defendant no longer seeks dismissal on that ground. See Docket No. 9.

Specifically, plaintiffs assert that, after their husband and father, Mr. Agustin Morales, passed away on January 9, 2011, defendant "assigned a case # without [their] authorization," and thereafter "disposed of the body without authorization of any of [his] relatives." Id. at pp. 1-2. Plaintiffs allege, however, that they did not learn of those actions until January, 2014, when "the Complete Medical Records" were sent to them. (Docket No. 17 at p. 1.) Upon receiving this news, plaintiffs contacted the VA Hospital and LifeLink, both by phone and in writing, to seek further information. Id. Despite these attempts, no explanation as to the treatment of Mr. Morales' body was ever provided to them. Plaintiffs allege that they suffered "significant mental anguish, pain and despair" as a result of these events, and filed this suit to obtain relief for the infliction of that "emotional suffering." Id. at p. 2. On December 22, 2015, defendant LifeLink moved to dismiss plaintiffs' claims as being barred by the applicable statute of limitations. (Docket No. 4.)

## II. LEGAL STANDARD

### A. Motion to Dismiss Standard

Under Rule 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim

to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court must decide whether the complaint alleges sufficient facts to "raise a right to relief above the speculative level." Id. at 555. In so doing, the Court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st. Cir. 2008). This is true even when the factual allegations contained in the complaint are "seemingly incredible." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

"Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under [Rule 12(b)(6)], provided that 'the facts establishing the defense [are] clear on the face of the plaintiff's pleadings.'" Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 320 (1st Cir.2008) (quoting Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir.2001)). Dismissal is appropriate where the dates indicated by the complaint establish that the statute of limitations has run, and "the complaint fails to sketch a factual predicate that would warrant the application of either a different statute of limitations period or equitable estoppel." Id.

## III. DISCUSSION

Defendant LifeLink argues, pursuant to Rule 12(b)(6), that plaintiffs' complaint should be dismissed because it was filed long

after the applicable statute of limitations had expired. (Docket No. 4 at p. 2.) Plaintiffs counter that their complaint is indeed timely because the limitations period was effectively tolled when they began "calling, writing and . . . waiting for an explanation" from LifeLink and the VA Hospital. (Docket No. 17 at p. 2.) For the reasons discussed below, the Court agrees with LifeLink that plaintiffs' action is time-barred.

**A. Choice of Law**

As an initial matter, when jurisdiction is based on the diversity of citizenship, federal courts must apply state substantive law and federal procedural law. Erie R. Co. v. Tompkins, 304 U.S. 64, 91-92, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In Puerto Rico, statute of limitations issues are questions of substantive law rather than procedural matters. See Alejandro-Ortiz v. P.R. Elec. Power Auth., 756 F.3d 23, 27 (1st Cir. 2014). Therefore, as this case comes before the Court pursuant to diversity jurisdiction, Puerto Rico substantive law must be applied to resolve the statute of limitations issue in dispute.

**B. Puerto Rico's Applicable Statute of Limitations**

In this case, plaintiffs seek to recover for emotional distress brought about by defendant's alleged negligence. Article 1802 of the Civil Code of Puerto Rico ("Article 1802"), P.R. Laws

Ann. tit. 31 § 5141, is therefore the governing statute.[2] Article 1869 of the Puerto Rico Civil Code provides a one-year statute of limitations for tort claims arising under Article 1802. P.R. Laws Ann. tit 31, § 5298. "That period ordinarily begins to run at the time that the aggrieved party knows (or should have known) of both his injury and the identity of the party who caused it." Gonzalez Figueroa v. J.C. Penney P.R., Inc., 568 F.3d 313, 318 (1st Cir. 2009).

Here, plaintiffs assert that, while Mr. Morales died in January 2011, they did not discover LifeLink's alleged wrongdoing until January 2014. Although it is somewhat difficult to imagine that three full years passed before plaintiffs learned the fate of their loved one's body, the Court is bound, at the motion to dismiss stage, to accept those factual allegations as true. Thus, accepting January 2014 as the date when plaintiffs first knew of the alleged wrong against them, plaintiffs had until January 2015 to commence this litigation. Because they waited a full 21-22 months, until November 2015, to bring suit against LifeLink, their

[2] Plaintiffs do not specifically invoke Article 1802 in their complaint. The Court finds, however, that their cause of action for "profound emotional suffering" is properly brought pursuant to that provision of Puerto Rico law. See, e.g., Santini Rivera v. Serv. Air, Inc., 137 D.P.R. 1, 10, P.R. Offic. Trans. (1994) (holding that Article 1802 permits an individual to receive "compensation for the sufferings, emotional distress or mental anguish experienced as a consequence of the material or other damages caused directly to their relatives.")

claims are presumptively barred by the applicable one-year prescriptive period.

**C. Statutory Tolling of the Limitations Period**

The analysis does not stop there. Plaintiffs challenge the conclusion that their claims are time-barred by arguing that they effectively "interrupted" the statute of limitations by making "diligent" efforts to contact LifeLink and the VA Hospital for more information regarding the handling of Mr. Morales' body. This argument that the limitations period was tolled, however, is unavailing.

Article 1873 of the Puerto Rico Civil Code ("Article 1873"), P.R. Laws Ann. tit. 31, § 5303, governs the interruption of the one-year statute of limitations period applicable in Article 1802 actions. See Tokyo Marine & Fire Ins. v. Perez & Cia., 142 F.3d 1, 4 (1st Cir. 1998). Pursuant to Article 1873, there are three ways to toll the prescriptive period, all of which "must be interpreted restrictively against the person invoking their protection." Rodriguez Narvaez v. Nazario, 895 F.2d 38, 43 (1st Cir. 1990). "Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." P.R. Laws Ann. tit. 31, § 5303. In this case, plaintiffs have not shown that they filed suit with any court until after the limitations period had

expired. Nor have they argued that LifeLink previously acknowledged liability for any wrongdoing. Thus, only the second tolling mechanism - the making of an extrajudicial claim - is potentially relevant in deciding whether the statute of limitations was in fact interrupted to permit the current action.

The Puerto Rico Supreme Court has established certain requirements for determining when an extrajudicial claim effectively tolls the limitations period. "First, the extrajudicial claim must be presented within the period of limitations. Second, the claim must be made by the creditor or his or her legal representative. Third, the claim must be addressed to the debtor, and it must require or demand the same action or relief sought in the subsequent suit. Fourth, the extrajudicial claim must be 'precise and specific,' so as to let the debtor know that the claimant does not wish to lose the right claimed." Campos-Matos v. Evanstone Ins. Co., 208 F.Supp.2d 170, 172 (D.P.R. 2002) (Garcia-Gregory, J.) (internal citations omitted). Where the extrajudicial claim consists of a letter to the tortfeasor, the Puerto Rico Supreme Court has held that the letter must be "identical" to a subsequently filed complaint. See Santana-Castro v. Toledo-Davila, 579 F.3d 109, 114 (1st Cir. 2009). This means that the extrajudicial letter and subsequent complaint "must seek the same form of relief," and that "[t]he causes of action asserted

[in the complaint] must be based on the same substantive claims" as asserted in the extrajudicial letter. See Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 98 (1st Cir. 2004). Finally, because tolling provisions are interpreted restrictively against the person invoking their protection, "the requirements for making an extrajudicial claim are strict." Nieves-Vega v. Ortiz-Quinones, 443 F.3d 134, 137 (1st Cir. 2006).

Here, plaintiffs have not alleged facts or provided any supporting documentation that would indicate that they successfully made an extrajudicial claim prior to the expiration of the prescriptive period. Although they assert that they made telephone calls and wrote letters to LifeLink seeking an explanation for the handling of Mr. Morales' body, the mere act of requesting information from the defendant would not amount to an extrajudicial claim. See, e.g., Bonilla-Aviles v. Southmark San Juan, Inc., 992 F.2d 391, 394 (1st Cir. 1993) (declining to find an extrajudicial claim where plaintiffs had simply requested insurance information from defendant hotel without alerting it to the particulars of a likely damages suit). Rather, to satisfy the requirements laid out above, plaintiffs would have needed "to alert the defendant to the specific causes of action against which it would be forced to defend itself." Id. at 393-94. In essence, they needed to have asserted, at some point in their communication with LifeLink, the

same claim that they now attempt to bring in federal court: one for emotional suffering based on defendant's alleged negligence. Because nothing in the complaint suggests that plaintiffs sought this "precise and specific" relief as part of their correspondence with defendant, the Court is unable to conclude that an effective extrajudicial claim was made before the limitations period lapsed. Plaintiffs, therefore, do not qualify for the protection offered by any of Article 1873's various tolling mechanisms.

**D. Equitable Tolling**

Plaintiffs also suggest that equitable tolling of the prescriptive period is proper in this case. The doctrine of equitable tolling provides that, in exceptional circumstances, a statute of limitations "may be extended for equitable reasons not acknowledged in the statute creating the limitations period." David v. Hall, 318 F.3d 343, 345-46 (1st Cir. 2003). In order "to preserve the usefulness of statutes of limitations as rules of law," however, the First Circuit Court of Appeals has warned that the doctrine of equitable tolling "should be invoked only 'sparingly.'" Neverson v. Farquharson, 366 F.3d 32, 42 (1st Cir. 2004) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Thus, it is "not available to rescue a litigant from his own lack of due diligence," and is "appropriate only when

circumstances beyond the petitioner's control have prevented him from filing on time." Id.

Here, while plaintiffs may have exercised due diligence in contacting LifeLink after learning of the disposal of Mr. Morales' body, their vigilance ended there. As defendant notes, there was nothing to prevent them from filing this suit shortly after LifeLink allegedly stonewalled them by refusing to return their calls. Instead, they elected of their own accord to wait until November 2015 to commence this action. By voluntarily delaying their demand for judicial relief, plaintiffs "inexcusably sle[pt] upon their rights," Ramos-Martinez v. United States, 638 F.3d 315, 323 (1st Cir. 2011). The Court will not now apply the sparingly invoked doctrine of equitable tolling to save their claim from dismissal.

Because plaintiffs' action was filed beyond the limitations period and qualifies neither for statutory nor equitable tolling, the complaint fails to state a claim upon which relief can be granted. Accordingly, the Court **GRANTS** defendant's motion to dismiss.

## IV. Conclusion

For the reasons discussed above, defendant LifeLink's motion to dismiss pursuant to Rule 12(b)(6) is hereby **GRANTED.** (Docket

No. 4.) Plaintiffs' claims seeking damages for their emotional distress and mental anguish are **DISMISSED WITH PREJUDICE.**

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 26, 2016.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE